# CHARLESTON.

ROBERT N. GREEN et als. v. T. A. ABBOTT.

Submitted February 14, 1922.   Decided February 21, 1922.

1. EJECTMENT—Where Begun by Life Tenant and Remaindermen
   and Former Dies and Suit is Abated as to Him, the Re-
   maindermen Cannot Prosecute to Judgment for Their Bene-
   fit.

   If, in an action of ejectment commenced jointly by a tenant
   of the land for life and the persons entitled to it in remainder,
   the tenant for life dies before trial and the suit is then
   abated as to him, the remaining plaintiffs. have no right to
   prosecute it to judgment for their benefit, nor to recover
   possession of the land therein, even though they may then
   have right of possession thereof.   (p. 377).

2. SAME—Action May be Prosecuted to Verdict After Plaintiff
   Life Tenant's Death, But the Judgment for Plaintiff Can be
   Only for Damages for Wrongful Withholding and Costs.

   On the death of a tenant for life suing in ejectment, before
   trial, the action may be prosecuted to verdict and judgment,
   by proper procedure, but, if the plaintiff prevails, the judg-
   ment in his favor can be only for damages for the wrongful
   withholding of the premises and costs, and the judgment as to
   the land must be that the defendant go thereof without day.
   (p. 377).

3. APPEAL AND ERROR—Where Co-Plaintiffs, Remaindermen, Pro-
   cure Order Abating Action as to Deceased Plaintiff, a Life
   Tenant, a Verdict and Judgment in the Action for the
   Land Will be Reversed.

   If, in such case, an order abating the action, as to the de·
   ceased life tenant, is entered on the motion of his co-plaintiffs,
   and a verdict and judgment for the land are taken by them,
   the judgment will be reversed, the verdict set aside and the
   case remanded for preservation of such right respecting the ac-
   tion, if any, as the estate of the deceased life tenant may have,
   for abatement as to the other plaintiffs· and for proper judg-
   ment or judgments as to costs in the court below.   (p. 380).

4. EJECTMENT—Right of Possession of Land Sued for at Com-
   mencement of Suit is an Essential Element of Plaintiff's
   Cause.

   Though, by statute, ejectment lies in any case in which a
   writ of right could have been brought before July 1, 1850, in

the State of Virginia, right of possession of the land sued for at the time of the commencement of the suit is an essential element of the plaintiff's cause of action.    (p. 380).

Error to Circuit Court, Roane County.

Action of ejectment by Robert N. Green and others against T. A. Abbott.    Judgment for the plaintiffs, and the defendant brings error.

*Reversed and remanded.*

*Thos. P. Ryan* and *Harper & Baker,* for plaintiff in error.
*S. P. Bell,* for defendants in error.

POFFENBARGER, PRESIDENT:

Upon this writ of error to a judgment in an action of ejectment, commenced jointly by a life tenant and remaindermen and prosecuted to judgment in favor of the remaindermen, after the death of the life tenant and abatement of the action as to him, it is insisted that the right of action, as to the land, terminated with the death of the tenant for life, and did not survive to the other plaintiffs; and that, as the latter had no right of action at the date of the institution of the suit, it could not be further prosecuted by them. If this position is tenable, it will be unnecessary to enter upon any inquiry as to the stability of any of the other propositions relied upon in the case.

If ejectment is a merely possessory action and its scope has not been so far enlarged by statute, as to confer right to it upon persons siezed only in remainder and not entitled to possession of the land, at the date of commencement of the suit, termination of the action by the death of the tenant for life is clear, for he alone had right of possession and action, at that date.    That such was the nature of the action at common law is incontrovertible.    Our statute retains it, Code, ch. 90, sec. 1.    It also allows it to be brought in the same cases in which a writ of right might have been brought prior to July 1, 1850, in the State of Virginia.    Code, ch. 90, sec. 2.    As to parties plaintiff, section 2 provides that the action may be brought "by any person claiming real estate in fee or for

life, or for years, either as heirs, devisee, or purchaser, or otherwise;'' and section 4 inhibits the bringing thereof by any person ''unless he has, at the time of commencing it, a subsisting interest in the premises claimed, or some share, interest, or portion thereof.'' As to parties defendant, sec. 5 requires the occupant of the land to be made a party, if it is occupied, and, whether it is or not, allows anybody to be made a party, who is exercising acts of ownership thereon, or claiming title thereto, or any interest therein, at the commencement of the action.

These provisions greatly enlarge the remedy known as ejectment. At common law, a judgment in it settled nothing but the right of possession. It was not conclusive of the question of title at all. The enlargement of its scope as indicated by the provisions above referred to is further evidenced by sec. 27, which requires the jury to specify in their verdict, the estate found in the plaintiff, whether it be in fee or for life, stating for whose life, or whether it be a term of years, and specifying the duration of such term; sec. 29 requiring the judgment to conform to the verdict; sec. 35 making the judgment conclusive of the right of possession so found and adjudged; and sec. 38 abrogating the writ of right, the writ of entry and the writ of formedon. Legislative purpose to make it a remedy for determination of questions of title, as well as the right of mere possession, is. clearly manifested by these provisions, and such enlargement has been judicially declared to have been effected by them. *Stearns* v. *Harman,* 80 Va. 48; *Harvey* v. *Tyler,* 2 Wall. (U. S.) 328. It is so held in New York whence the statute came by legislative adoption. *Banyer* v. *Empie,* 5 Hill, (N. Y.) 48. While the scope of the remedy is not defined in *Beckwith* v. *Thompson,* 18 W. Va. 103, some of the conclusions expressed in the opinion in that case proceed upon the theory of enlargement to the extent here mentioned.. In *Moore* v. *McNutt,* 41 W. Va. 695, Judge BRANNON clearly and ably demonstrated it, without deciding it.

Though the remedy is now coextensive with the common law writ of right, it lies only for one who is entitled to the possession of the land sued for. The plaintiff in the writ of.

right had to establish such right in himself, in addition to title. As Judge BRANNON expressed it, his remedy was "one to try, not merely present possession, but right to that possession, as dependent on title; that is, the title itself." That the plaintiff in a writ of right sued for possession, as well as to vindicate his title, and had to have right of possession, is made clear by the holdings that the writ lay only against the tenant of the freehold demanded, and that proof of possession on the part of the defendant was essential. *Green* v. *Liter*, 8 Cranch, (U. S.) 229, 242. According to Blackstone, the writ lay concurrently with all other real actions, including those merely possessory, but was generally invoked only in those cases in which possession could be recovered upon proof of title in fee simple and not otherwise. Blk. Com. Ck. 3, p. 194. Further confirmation of this view is found in *Bolling* v. *Petersburg*, 3 Rand. 563, which proceeds upon the theory that a subsisting life estate in the mother of plaintiff would have defeated his action, but for the finding that he had disseised her or ousted her from the possession of the premises, a fact impliedly found by the jury. Our statute does not fail to recognize right of immediate possession in the plaintiff, as an essential element of his cause of action. He need not prove his actual entry on or possession of the premises demanded, or receipt of any profits thereof, nor any lease, entry or ouster, except in certain cases, as the common law required him to do; but he must prove "right to the possession of the premises at the time of the commencement of the suit." Code, ch. 90, sec. 14.

Our statute adheres to this conception of the writ of right and procedure under it, by its requirement in all cases that the verdict be for the plaintiffs or such of them as appear to have right to the possession of the premises. Sec. 23. And the judgment in all cases in which the plaintiff prevails follows the verdict and is that he recover the possession of the premises. Sec. 29. If, being a tenant for life or for years, his right or title expire after commencement of the action, but before trial, the judgment, as to the premises, must be "that the defendant go thereof without day." Sec. 28. There is no provision for substitution of him who has

the reversion, and the reason for its omission is obvious. He had no right of possession at the commencement of the action and it was not deemed advisable to allow him to prosecute an action he had not instituted and which he had had no right to institute at the date of institution. That a reversioner has no right of action at law for possession of the premises until the death of the life tenant or expiration of the term of years, is a frequent holding of this and all other courts. *McNeeley* v. *South Penn Oil Co.*, 52 W. Va. 616; *Austin* v. *Brown*, 37 W. Va. 369; *Tilson* v. *Thompson*, 10 Pick. (Mass.) 359; Tyler, Eject. 117.

After the death of the tenant for life in this action, it could have been prosecuted to verdict and judgment, by virtue of sec. 28 of the statute, but there could have been judgment for the plaintiff, or his personal representative, only for damages, and, as to the land, it would have had to be for the defendant, on account of the death of the only person entitled to the possession, at time of the commencement of the action, for such is the express mandate of the statute. Instead of going on with the action, after his death, as the statute directs, his coplaintiffs caused an abatement of the suit as to him. The order of abatement wholly terminated it, because there was then nobody in court as plaintiff that had any right to be there.

Upon these principles and conclusions the judgment will have to be reversed and the verdict set aside. As the order abating the action as to the deceased life tenant was entered on the motion of his coplaintiffs, it may not bind his estate and there may yet be right to prosecute the action to judgment, in order to recover the damages claimed in the declaration. In view of this situation, the case will be remanded for preservation of such right, if any, as the estate of the deceased life tenant may have, in respect of the action, and with direction to abate it as to William Green, Edward Green, Lula Robinson and Ella Abbott, the plaintiffs claiming to be entitled to the estate in remainder, and to enter

such judgment or judgments as to costs in the court below, as may be proper. Costs in this court will be adjudged to the plaintiff in error.

*Reversed and remanded.*